IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:23-cv-01155-RMR-SBP

BRIAN NEIL,

    Plaintiff,

v.

CITY OF LONE TREE, a municipality;
COMMANDER TIMOTHY BEALS, in his individual capacity;
DETECTIVE JOHN HASTINGS, in his individual capacity; and
SERGEANT TRAVIS SNEITH, in his individual capacity;

    Defendants.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Susan Prose entered on August 28, 2024 ECF No. 40, addressing Defendants' Motion to Dismiss, ECF No. 21. Magistrate Judge Prose recommends that the Defendants' motion be granted.

Plaintiffs timely filed an objection to the Recommendation at ECF No. 41. The Court has received and considered the Recommendation, the Objection, the record, and the pleadings. For the reasons stated below, Plaintiff's objection is overruled.

### I.    LEGAL STANDARD

The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made,

and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). When no proper objection is filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[1] Fed. R. Civ. P. 72(b) advisory committee's note to 1993 amendment.

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).  *See, e.g.*, *Nat'l Jewish Health v. WebMD Health Servs. Grp., Inc.*, 305 F.R.D. 247, 249 n.1 (D. Colo. 2014) (Daniel, J.).

## II.     ANALYSIS

Plaintiff does not object to the factual or procedural background discussed in the Recommendation. Accordingly, the Court adopts and incorporates the factual and procedural background included within the Recommendation as if set forth herein.

Plaintiff objects only to the portion of the Recommendation wherein the Magistrate Judge determined that Detective John Hastings, Commander Timothy Beals, and Sergeant Travis Sneith (collectively, the "Individual Defendants") are entitled to qualified immunity on Plaintiff's federal constitutional claims.

The Individual Defendants' "assertion of qualified immunity creates a presumption that they are immune from suit." *Perea v. Baca*, 817 F.3d 1198, 1202 (10th Cir. 2016). To overcome this presumption, Plaintiff must allege facts sufficient to show "(1) the officers' alleged conduct violated a constitutional right, and (2) it was clearly established at the time of the violation, such that every reasonable official would have understood, that such conduct constituted a violation of that right." *Reavis ex rel. Estate of Coale v. Frost*, 967 F.3d 978, 984 (10th Cir. 2020) (internal quotation marks omitted). "[I]f the plaintiff fails to establish either prong of the two-pronged qualified immunity standard, the defendant prevails on the defense." *A.M. v. Holmes*, 830 F.3d 1123, 1134-35 (10th Cir. 2016).

### A.     Qualified Immunity as to Defendant Hastings

Magistrate Judge Prose concluded that Defendant Hastings was entitled to qualified immunity because Plaintiff failed to establish either prong of the qualified immunity analysis. In his objection, Plaintiff contends that the Magistrate Judge erred in her conclusions as to each prong. Because "[c]ourts have discretion to decide the order

3

in which to engage these two prongs," *Tolan v. Cotton*, 572 U.S. 650, 656 (2014), the Court exercises its discretion to resolve the claim on the clearly established prong. The Court concludes that, even if Defendant Hastings alleged conduct violated Plaintiff's constitutional rights, any constitutional violation would not have been apparent based on the clearly established law existing at that time.[2] Accordingly, Defendant Hastings is entitled to qualified immunity.

"In the context of a qualified immunity defense on an unlawful search or arrest claim, [Courts] ascertain whether a defendant violated clearly established law by asking whether there was arguable probable cause for the challenged conduct." *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014) (quotation omitted). "Arguable probable cause is another way of saying that the officers' conclusions rest on an objectively reasonable, even if mistaken, belief that probable cause exists." *Id.* (citing *Cortez v. McCauley*, 478 F.3d 1108, 1120 (10th Cir. 2007)). A defendant "is entitled to qualified immunity if a reasonable officer could have believed that probable cause existed to arrest or detain the plaintiff." *Cortez*, 478 F.3d at 1120. "A neutral magistrate judge's issuance of a warrant is the clearest indication that the officers acted in an objectively reasonable manner or . . . in objective good faith." *Stonecipher*, 759 F.3d at 1141 (quotation omitted). But qualified immunity will not be granted "where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Messerschmidt v. Millender*, 564 U.S. 535, 546 (2012) (internal quotation

---

[2] To be clear, the Magistrate Judge concluded that, as to the first prong of the qualified immunity analysis, Plaintiff's allegations did not show that Defendant Hastings's alleged conduct violated Plaintiff's constitutional rights. *See* ECF No. 40 at 16-24. The Court finds no error with the Magistrate Judge's conclusion, but for purposes of this Order it need not address that prong.

4

marks omitted). "Nor will a warrant protect officers who misrepresent or omit material facts to the magistrate judge." *Stonecipher*, 759 F.3d at 1142.

In his objection, Plaintiff argues that the Magistrate Judge erred in granting Defendant Hastings qualified immunity because he misrepresented and omitted material information from his affidavit in seeking the warrant for Plaintiff's arrest. ECF No. 41 at 8. Importantly, "[t]he burden is on the plaintiff to 'make a substantial showing of deliberate falsehood or reckless disregard for truth' by the officer seeking the warrant." *Stonecipher*, 750 F.3d at 1142 (quoting *Snell v. Tunnell*, 920 F.2d 673, 698 (10th Cir. 1990). To establish reckless disregard in the presentation of information to the magistrate judge, the well-pleaded allegations must show "that the officer in fact entertained serious doubts as to the truth of his allegations . . . and [a] factfinder may infer reckless disregard from circumstances evincing obvious reasons to doubt the veracity of the allegations." *Beard v. City of Northglenn*, 24 F.3d 110, 116 (10th Cir. 1994).

Here, Plaintiff contends that Defendant Hastings "omitted material information—specifically, federal and Colorado statutory law—that a reasonable person in his position would have reviewed and noted that authority to make the traffic stop existed." ECF No. 41 at 8. The Court does not find the allegations sufficient to satisfy Plaintiff's burden. As recited in the Recommendation, the well-pleaded allegations show the various steps Defendant Hastings took to determine whether Plaintiff's actions violated the law, including multiple communications with the DEA, review of the DEA's policy, and review of relevant Colorado law. *See* ECF No. 40 at 17-18. Defendant Hastings's probable cause

statement in his affidavit[3] explained his understanding of the law (referencing both Colorado law and DEA policy) and that he was "unable to locate any authority for DEA agents to enforce traffic, Colorado Revised Statutes 42 code, while on or off duty." ECF No. 23-1 at 4. There is no indication that Defendant Hastings intentionally omitted any relevant law or that he entertained any doubts as to the truth of his allegations when he submitted the affidavit.[4] That his understanding of the law was determined to be wrong months later does not strip him of his qualified immunity because "[q]ualified immunity applies equally to reasonable mistakes of law and fact." *Stonecipher*, 759 F.3d at 1142 (finding that mistake in arrest warrant stating that suspect's conduct constituted a conviction under Missouri law did not deprive officer of qualified immunity); *see also Saucier v. Katz*, 533 U.S. 194, 206 (2001) (qualified immunity grants officers "immunity for reasonable mistakes as to the legality of their actions"), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009).

Further, Plaintiff does not provide any support for his statement that a reasonable person in Defendant Hastings's position "would have reviewed and noted that authority

---

[3] The Court may consider the warrant affidavit without converting the motion to a Rule 56 motion because it is undisputed that the warrant affidavit referenced in the amended complaint, is central to Plaintiff's claims, is part of the public record, and no party has challenged its authenticity. *See Boudette v. Sanders*, No. 18-CV-02420-CMA-MEH, 2019 WL 3935168, at *8 (D. Colo. Aug. 19, 2019) (collecting cases).

[4] In his sur-reply and objection, Plaintiff asserts for the first time that a letter was sent from Charles Walden with the DEA to Defendant Hastings two days after Defendant Hastings submitted his warrant affidavit. ECF No. 37-1 at 4; ECF No. 41 at 2. Plaintiff argues that this letter would have alerted Defendant Hastings to the legality of Plaintiff's actions and negated the probable cause for Plaintiff's arrest. But, as the Magistrate Judge pointed out, the letter is not mentioned in the Amended Complaint or in his response to the Motion to Dismiss, and a Plaintiff may not amend his pleadings in response to a motion to dismiss. *See Abdulina v. Eberl's Temp. Servs.*, Inc., 79 F. Supp. 3d 1201, 1206 (D. Colo. 2015) (plaintiff cannot "amend her complaint by adding factual allegations in response to Defendant's motion to dismiss"). Even if the Court were to consider the letter, it has no impact on Court's analysis because it was received by Defendant Hastings <u>after</u> he submitted the warrant affidavit. *See Meadows v. City of Oklahoma City*, 851 F. App'x 127, 129-30 (10th Cir. 2021) (The "assessment of probable cause must be based on what the officer knew at the time.").

to make the traffic stop existed." ECF No. 41 at 8. This statement amounts to little more than a criticism of Defendant Hastings's ability to piece together the various policies and statutes that permitted Plaintiff's conduct. The Court is not convinced that a reasonable person in Defendant Hastings's position would have fared any better. Indeed, it took the DEA five months from the time Defendant Hastings first asked for confirmation of Plaintiff's authority to finally confirm that he did in fact have the authority to act as he did. Thus, the Court does not find it unreasonable that, based on the information he had at the time, Defendant Hastings believed he had probable cause for Plaintiff's arrest. *See Stonecipher*, 759 F.3d at 1141 ("A defendant is entitled to qualified immunity if a reasonable officer could have believed that probable cause existed to arrest or detain the plaintiff.") (citation omitted).

For these reasons, the Court agrees with the Magistrate Judge that Defendant Hastings had arguable probable cause to seek Plaintiff's arrest and is therefore entitled to qualified immunity.

### B.    Qualified Immunity as to Defendants Beal and Sneith

Plaintiff raises the same objection with respect to the Magistrate Judge's grant of qualified immunity to Defendants Beal and Sneith, arguing that they omitted material information that led to the filing of the arrest warrant and that the omissions are evidence of a reckless disregard for the truth. ECF No. 41 at 9. For similar reasons as those applicable to Defendant Hastings, the Court concludes that Defendants Beal and Sneith are also entitled to qualified immunity.

In his objection, Plaintiff points to allegations that criticize the way that Defendants Beal and Sneith handled the investigation, but fails to demonstrate the deliberate falsehoods or reckless disregard for the truth needed to overcome their assertion of qualified immunity. At bottom, Plaintiff argues that if Defendants Beal and Sneith had conducted a more thorough investigation, "Defendant Hastings would have even more evidence of Plaintiff's authority to execute the stop, and it is unlikely that an arrest warrant for Plaintiff would have been granted." ECF No. 41 at 10. Even if this were true, it would not change the outcome on qualified immunity because "[t]he failure to investigate a matter fully, to exhaust every possible lead, interview all potential witnesses, and accumulate overwhelming corroborative evidence rarely suggests a knowing or reckless disregard for the truth." *Beard*, 24 F.3d at 116 (internal quotation marks omitted). Accordingly, Plaintiff's criticisms of the investigation, without more, are not enough to defeat qualified immunity.

Further, the alleged omissions involve the actions of the driver and passenger that were stopped by Plaintiff. But Plaintiff's focus on whether those individuals had committed a crime is misplaced. When deciding whether there was probable cause for Plaintiff's arrest, the Individual Defendants were focused on investigating whether Plaintiff had the legal authority to make the traffic stop, not whether he had probable cause to make the stop. Plaintiff has not shown that any of the omissions were material to the Individual Defendants' probable cause determination or that Defendant Beal and/or Defendant Sneith acted with a reckless disregard for the truth. *See Kapinski v. City of Albuquerque*, 964 F.3d 900, 909 (10th Cir. 2020) (officer did not violate Fourth Amendment despite

omitting footage from affidavit because plaintiff "fail[ed] to show the materiality of the omitted video footage and that [the officer] acted out of a reckless disregard for the truth"); *McAllister v. Kellogg*, No. 13-CV-2896-CMA-MJW, 2015 WL 2329425, at *6 (D. Colo. May 14, 2015), *aff'd*, 637 F. App'x 518 (10th Cir. 2016) ("[T]he Court must ask both whether the truthful statements included in the affidavit are by themselves sufficient to support a probable cause finding, and if inclusion of the omitted material would negate probable cause.").

Finally, Plaintiff's allegation that Defendant Sneith's supplemental report was "completely fabricated" is irrelevant. The supplemental report was submitted by Defendant Sneith long after the warrant issued and therefore was not the basis for the issuance of the warrant. *See Meadows*, 851 F. App'x at 129-30 (The "assessment of probable cause must be based on what the officer knew at the time."). At the time Defendant Hastings submitted his probable cause affidavit, he did not have Defendant Sneith's supplemental report. Therefore, any alleged fabrications contained in the supplemental report could not have contributed to the alleged constitutional violation.

Accordingly, Plaintiff's objection is overruled. Defendants Beal and Sneith are entitled to qualified immunity.

### III.   CONCLUSION

For the reasons set forth above, the Court ORDERS:

1. Plaintiffs' Objection to the Recommendation, ECF No. 41, is OVERRULED;
2. Defendants' Motion for Extension of Time to Respond to the Objection, ECF No. 42, is DENIED AS MOOT;

9

3. The Recommendation, ECF No. 40, is ACCEPTED AND ADOPTED;

4. The Defendants' Motion to Dismiss, ECF No. 21, is GRANTED;

5. Plaintiff's First and Second Claims for Relief are DISMISSED WITH PREJUDICE against all Defendants;

6. Plaintiff's Third and Fourth Claims for Relief are DISMISSED WITHOUT PREJUDICE.

DATED:  September 20, 2024.

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge